UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES-LONSDALE<br>INMATE #64770-298,<br><br>                             Plaintiff,<br><br>vs.<br><br>F. BANACHI, et al.,<br><br>                             Defendants. | Case No.: 3:22-cv-00310-LAB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

Gabriel Pies-Lonsdale ("Pies-Lonsdale" or "Plaintiff"), a federal detainee currently housed at the Metropolitan Correctional Center ("MCC") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff claims Defendants violated his Eighth and Fourteenth Amendment rights. *Id.* at 4 –6. He requests damages in the amount of $900,000,000, and punitive damages in the amount of $463.00. *Id.* at 9. Plaintiff has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed IFP. ECF No. 3.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his MCC trust account activity and a Prison Certificate signed by an authorized officer. *See* ECF No. 3 at 4–5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has had an average monthly balance of $50.48 and average monthly deposits of $50.48 for the preceding six months. *Id.* at 4. He had an available balance of $0.00 at the time of filing. *See* ECF No. 3 at 4. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses an initial partial filing fee of $10.09 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Newton's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Factual Allegations</u>

At the time Plaintiff filed his Complaint he was housed at the Western Regional Detention Facility ("WRDF"). Plaintiff alleges that on February 16, 2022, he was booked into the WRDF and had $463.00 in his jacket pocket. Compl., ECF No. 1 at 4. According to Plaintiff, Defendant Banachi was the person who performed the "detainee property intake," and the $463.00 is now missing. *Id.* On February 21, 2022, Plaintiff filed a grievance regarding the missing money. *Id.* Defendant Hartley allegedly replied, "You know very well that you did not arrive with any cash. The officer who annotated the $463.00 is being reprimanded as he admitted he didn't actually receive any cash on your behalf. You transferred from another facility [and] money does not transfer with you ever.

The Chief is attempting to contact the prior facility." *Id.*

Plaintiff also alleges that on February 17, 2022, Defendant Carney yelled the following at him while Plaintiff was in the visiting room waiting for court: "I am [going] to make sure your time here is a [living] hell[.] You think we forgot about that tort claim; you['re] this close to going to segregation and you can forget about your money." *Id.*

On February 18, 2022, Plaintiff alleges he put in a health services request because he had a rash on his penis, but had no response to the request as of February 25, 2022. *Id.* On February 19, 2022, Plaintiff filed a health care grievance asking to be tested for Covid-19 because he had not been tested when he arrived at the detention facility, was feeling sick, and Covid-19 protocols were not being followed, such as temperature checks and six feet of distancing. *Id.* at 6. He claims he never received a response to the grievance. *Id.*

Plaintiff also claims that on March 2, 2022, a WRDF captain "impersonated . . . my attorney telling staff that I had a legal visit in a fraudulent matter." *Id.* According to Plaintiff, it was in fact "a standoff to intimidate me with threats and then to [bribe] me with medical care," which Plaintiff claims consisted only of a blood pressure check. *Id.*

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).

D. Discussion

Plaintiff is a federal pretrial detainee seeking to sue federal defendants for allegedly violating his Eighth Amendment rights by refusing him proper medical care and his due process rights failing to respond to grievances. Compl., ECF No. 1 at 4–6. Therefore, he may not proceed under § 1983 because the claims in the Complaint to not allege the Defendants acted under color of state law. *Tsao*, 698 F.3d at 1138. Because Plaintiff is

proceeding without counsel, however, the Court will liberally construe the constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675-76.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth Amendment. *Bivens* 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has recognized a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67–68 (2001); *see also Iqbal*, 556 U.S. at 675 (noting Supreme Court's refusal to "extend *Bivens* to a claim sounding in the First Amendment.") (citing *Bush v. Lucas*, 462 U.S. 367 (1983)). However, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity. *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1857 (2017), citing *Iqbal*, 556 U.S. at 675.

1. Eighth Amendment and Due Process Claims

Plaintiff has not plausibly alleged an Eighth Amendment *Bivens* claim against the WRDF officials he has named as Defendants. *Iqbal*, 556 U.S. at 678. WRDF is owned by The GEO Group, a private company that provides private prison services to the federal government. *See* https://www.geogroup.com/Locations (last visited on May 5, 2022).[2] The Supreme Court has held as follows:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that

---

[2] *See Romero v. Securus Technologies, Inc.*, 216 F. Supp. 3d 1078, 1085 fn. 1 ("Under [Federal Rule of Evidence 201], the court can take judicial notice of 'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.'")

> conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

Plaintiff has also failed to plausibly allege a due process violation under *Bivens* with regard to the Defendants' alleged failure to respond to the grievances he submitted because prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Larkin v. Watts*, 300 Fed. Appx. 501, 2008 WL 4946284, at *1 (9th Cir. 2008) (upholding district court's dismissal of plaintiff's civil action and finding that neither the claim for "property deprivation or loss" nor "improperly processed . . . complaints or grievances . . . give rise to a cognizable constitutional or *Bivens* claim") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 and *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).)

### 2. Retaliation

In his Complaint, Plaintiff states that Defendant Carney told him that he would "make sure [Plaintiff's] time here is a living hell . . . . You think we forgot about that tort claim. You are this close to going to segregation and you can forget about your money." Compl., ECF No. 1 at 4. The Court will liberally construe this allegation as a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff has not plausibly alleged a retaliation claim because he has not sufficiently alleged Carney took any adverse action because of his protected conduct (filing a tort claim), only that he threatened to do so. "[A] threat to retaliate does not violate

Section 1983 if the person making the threat never follows through." *Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d 1074, 1103 (C.D. Cal. 2010) (citing *Gaut v. Sunn*, 810 F.3d 923, 925 (9th Cir. 1987)) (finding that prisoner's allegation that he was threatened with bodily harm if he pursued legal redress for beatings did not state a Section 1983 claim).

Moreover, "[c]ausation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).) "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Here, Plaintiff has not plausibly alleged what "adverse action" Carney took against him in retaliation for his protected conduct. *Iqbal*, 556 U.S. at 678.

E.   Leave to Amend

For all these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment or a Due Process claim upon which Section 1983 relief can be granted and dismisses those claims in their entirety pursuant to 28 U.S.C § 1915(e)(2)(B) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Plaintiff's Eighth Amendment and Due Process claims are dismissed without leave to amend because further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).) As to Plaintiff's retaliation claim, the Court has provided Plaintiff with "notice of the deficiencies in his complaint" and will grant Plaintiff an opportunity to fix them, if he can. *See Akhtar v.*

*Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DIRECTS** the Warden of the MCC, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Luis Williams, II, Warden, Metropolitan Correctional Center, 880 Union Street, San Diego, CA 92101.

4. **DISMISSES** the Plaintiff's Eight Amendment and Due Process claims in their entirety without leave to amend based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).)

5. **DISMISSES** Plaintiff's retaliation claim based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. **GRANTS** Plaintiff leave to amend his retaliation claim. Any such amended pleading must be filed within forty-five (45) days of the date of this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5. **DIRECTS** the Clerk of Court to mail Plaintiff a copy of the court approved civil rights complaint form.

**IT IS SO ORDERED**.

Dated: May 10, 2022

*[signature: Larry A. Burns]*
Hon. Larry Alan Burns
United States District Judge